GILBERT ET AL. *v.* BOLDS ET AL.

[No. 9,062. Filed June 29, 1916.]

1. MINES AND MINERALS.—*Gas and Oil Leases.*—*Rental Stipulation.*—*Validity.*—While the lessees of oil and gas lands may be held liable in damages, or the leases forfeited or annulled according to their provisions, for failure to develop the lands in accordance with a fair and reasonable interpretation of the contract, yet this does not make invalid a stipulation by the contracting parties for the payment of a fixed sum as a minimum rental for the leased premises. p. 600.

2. MINES AND MINERALS.—*Gas and Oil Leases.*—*Development.*—*Sufficiency.*—*Determination.*—Where a lease of oil and gas lands does not fix the number of wells to be drilled to constitute a development of the territory as contemplated by the contract, the lessee has the right to determine the number of wells or the extent of the development, and his decision is conclusive so long as he acts honestly and in good faith upon sound business principles. p. 600.

3. MINES AND MINERALS.—*Gas and Oil Leases.*—*Rental.*—*Complaint.*—*Sufficiency.*—In an action to collect a minimum rental

alleged to be due under a lease of oil and gas lands, a complaint, putting in issue the conditions under which the parties to the contract contemplated the payment of such rental by alleging the lease to mean that after the defendants had completed the development of the leased premises by drilling a sufficient number of wells, as determined by them, the minimum rental was to be paid, is good as against demurrer, even though it should be held that the general rule that the amount of development of oil lands is to be determined by the lessee does not apply to a lease involved in the action.   p. 601.

From Steuben Circuit Court; *Publius V. Hoffman*, Special Judge.

Action by Adda Bolds and others against George W. Gilbert and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*Carlin & Brown, Abram Simmons* and *Charles G. Dailey*, for appellants.

*Bratton & Heckenlively* and *Jay A. Hindman*, for appellees.

FELT, J.—This is a suit by appellees against appellants to recover money alleged to be due under the provisions of an oil and gas lease. The case was tried by the court on an amended complaint and an answer in three paragraphs, the first of which was a general denial. There was a reply in general denial to the second and third paragraphs of answer. The court found for appellees in the sum of $736, and rendered judgment accordingly.

The errors assigned and relied on for reversal are the overruling of the demurrer of George A. Gilbert and Edwin Ball to the amended complaint, and the overruling of their motion for a new trial.

The complaint, so far as material here, is in substance as follows: That appellees were the owners of a quarter section of real estate in Jay county, Indiana, and prior to November 4, 1903, had executed an oil and gas lease on thirty acres of

such tract, which lease was duly acquired by and assigned to appellants; that in pursuance of said lease there had been constructed on said thirty acres three wells for the production of oil and gas and "a certain power to be used in the operation of said wells"; that appellants acquired other leases on adjoining lands, and on November 4, 1903, obtained from appellees an oil and gas lease on the remaining 130 acres of said quarter section, which, in substance, provided that the lessees were granted "all the oil and gas in and under" the real estate, "with the right to enter thereon at all times for the purpose of operating or drilling for oil or gas," and it further provided: That appellees should have the one-eighth part of all oil produced; that the lease was "for and during the term of five years * * * and as much longer as oil or gas is found or produced therefrom or the rental paid according to the terms of the lease. * * * In case no well is completed within ninety days from this day, then this grant shall become null and void unless second parties shall pay to the first party a rental of $20.00 a month, in advance, for each month thereafter such completion is delayed, for the term of years above mentioned. * * * After first well is completed the second party agrees to complete a well every six months on the above described premises until the farm is drilled up, and in case no wells are drilled after the first one above mentioned, then second parties shall pay a rental as above mentioned, or surrender all the undrilled territory, reserving, however, ten acres to each well producing on said premises. If the locations on the above described lands are all drilled, and the royalty at one-eighth does not net the first party $25.00 per month, they agree to pay the difference so first party realizes $25.00 per month

for the wells and power upon said premises' which is used to pump wells on adjoining farms, second parties to have the privilege, free of cost, to erect pumper's house on said lease." That by said lease appellants were to complete a well on the premises within ninety days from its date and complete a well thereon each six months thereafter "until said farm was drilled up"—that is, until a sufficient number of wells shall have been completed to properly develop said premises; that appellants entered upon the leased premises and drilled thereon four wells, which have been and are now producing wells; that by the terms of said lease it was provided that if the locations on the land were all drilled and the royalty at one-eighth did not net appellees $25 per month, appellants should pay the difference so that appellees would realize "$25.00 per month for the wells and the power upon said premises, which is used to pump on adjoining farms"; that the power so referred to was the power then located on the thirty acres previously leased as aforesaid; that it was thereby intended by the parties to the lease that after appellants had completed the development of the leased premises, if the one-eighth royalty therefrom should not yield to appellees $25 per month, appellants should pay the deficiency necessary to make their returns amount to $25 per month for the use of said wells and said power in pumping wells on adjoining farms; that appellants completed their development of the leased premises in 1906, and have produced oil continuously since that time from said premises and have used said power in pumping wells on adjoining farms and are still producing oil and using said power; that since January 1, 1907, the royalties received by appellees

from the production of oil and gas from said premises have not amounted to $25 per month, and appellees have only received therefrom $5 per month; that there is due appellees the sum of $20 per month for each month since January 1, 1907.

The second paragraph of answer sets out the facts in detail to show the production of oil from said 130 acres, and that appellees have received their full one-eighth part thereof; that appellants have not constructed or used any power on said 130 acres for use on other lands.

.The third paragraph alleges that appellees do not own the leased premises as tenants by entireties, but that the same is owned by Adda Bolds.

By the memorandum accompanying the demurrer appellants say the complaint is insufficient to state a cause of action, because it does not show any breach of the provisions of the lease; that it does not show that all locations of wells on the leased premises have been drilled; that appellants are not shown to be liable to pay a sum sufficient to make the returns to appellees amount to $25 per month; that the averments show that appellants are not liable to appellees in any sum whatever.

The effect of appellants' contention is that appellees have no cause of action on the theory of the complaint for the reason that it is not averred that all the locations for wells on the premises were drilled out; that oil and gas leases contain covenants to fully develop the leased premises, and if not specifically set forth, such covenants are implied; that, if appellees have any right of action, it is for damages for the breach of such covenants, or for annullment of the lease as to all the real estate except ten acres with each well.

It is true that development of the leased premises

is a controlling consideration in oil and gas leases, and that lessees may be held liable in damages, or the leases forfeited or annulled according to their provisions, for failure to develop in accordance with the fair and reasonable interpretation of the contract, but this does not prevent the contracting parties from stipulating for the payment of a fixed sum as a minimum rental as was done in this instance. The contract provides that after the first well is completed a well shall be completed every six months "until the farm is drilled up. * * * If the locations * * * are all drilled, and the royalty at one-eighth does not net the first party $25.00 per month, they agree to pay the difference so first party realizes $25.00 per month for the wells and power upon said premises." The complaint alleges that appellants completed the development of the leased premises in 1906; that the royalties only amounted to $5 per month, and there is due appellees $20 per month from January 1, 1907. The lease does not fix the number of wells to be drilled to amount to the development of the territory as contemplated. Where such is the case, the lessee has the right to determine the number of wells or the extent of the development, and his decision is conclusive so long as he acts honestly and in good faith upon sound business principles. *Manhattan Oil Co.* v. *Carrell* (1904), 164 Ind. 526, 73 N. E. 1084, and cases cited; *Young* v. *Forest Oil Co.* (1899), 194 Pa. 243, 45 Atl. 121; *Colgan* v. *Forest Oil Co.* (1899), 194 Pa. St. 234, 45 Atl. 119, 75 Am. St. 695; *Ohio Oil Co.* v. *Detamore* (1905), 165 Ind. 243, 73 N. E. 906. However, in the case at bar, the lease provides that, "if the locations on the above described lands are all drilled," the

lessees shall pay a sum sufficient to make the net returns to lessors amount to $25 per month.

Appellants contend that the conditions under which the above provisions are applicable are not shown to have arisen in this case; that under the lease the parties contemplated thirteen locations, or one for each ten acres, and only four have been drilled out. Appellees contend that the rule of law above announced controls and that, when it is shown that appellants drilled four wells and then ceased to put down additional wells as provided for in the lease, and continued to occupy the premises and operate the four wells, they thereby determined the extent of the development they desired to make, and appellees had the right to accept their decision, and, in the absence of fraud or bad faith, were compelled to do so, and were thereafter entitled to a return of $25 per month under the provisions of the lease.

The allegations of the complaint put the meaning of the lease in this respect in issue by the averment that it was thereby intended by the parties to the lease that, after appellants had completed the development of the leased premises by drilling a sufficient number of wells (to be determined by them) the $25 per month should be paid appellees. Such averments indicate that the lease is ambiguous and that its provisions leave room for a difference of opinion as to when and under what conditions appellees are entitled to collect $25 per month. By these allegations development to the extent determined by appellants is made the equivalent of drilling out the locations contemplated by the parties to the lease, and the complaint is

3. thereby made sufficient to repel the demurrer, even though it should be held that the general rule contended for by appellees does not apply

under the peculiar wording of this lease. The complaint is therefore sufficient, and the court did not err in overruling the demurrer thereto.,

The causes for a new trial not waived by appellants are: (1) The decision of the court is not sustained by sufficient evidence; and (2) it is contrary to law.

The contention as to the evidence is identical with the views of appellants as to the sufficiency of the complaint. If we are correct in our statement of the law already announced, the evidence is sufficient to sustain the decision, for by the provisions of the lease appellants obligated themselves to pay to appellees the amount found due under the conditions established by the evidence. The decision is therefore sustained by sufficient evidence, and the judgment is not contrary to law. Judgment affirmed.

NOTE.—Reported in 113 N. E. 379. Effect of provisions for minimum royalties or annual rent upon right to forfeit mining lease for failure to prosecute work, notes 30 L. R. A. (N. S.) 176; 43 L. R. A. (N. S.) 487. See under (3) 27 Cyc 712.